# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JULIE AJSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-cv-854 |
| | ) |
| BRIAN TOWNE, the CITY OF PERU, | ) |
| CHIEF BERNABEI, and DETECTIVE | ) |
| SERGEANT HOCKING | ) |
| | ) |
| Defendants. | ) **JURY DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, JULIE AJSTER, through one of her attorneys, Jared S. Kosoglad, complaining of the Defendants BRIAN TOWNE, the CITY OF PERU, CHIEF BERNABEI, and DETECTIVE SERGEANT HOCKING states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); and the Constitution of the United States.

## PARTIES

3. Plaintiff JULIE AJSTER is a citizen of the United States of America, who at all times relevant resided in Bureau County, Illinois. Ms. Ajster was a duly licensed Illinois attorney at all times relevant.

4. Defendant TOWNE is sued in his individual capacity.

5. Defendant BERNABEI, was, at the time of this occurrence, a duly licensed City of Peru Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

6. Defendant HOCKING, was, at the time of this occurrence, a duly licensed City of Peru Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

7. Defendant CITY OF PERU ("CITY") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of the police officer defendants.

## FACTS

8. Plaintiff Julie Ajster represented Danny French as his attorney in a civil proceeding.

9. Danny French was subsequently charged with telephone harassment against the attorney representing the plaintiff in that proceeding. Plaintiff Ajster represented Mr. French as his criminal counsel in the subsequent telephone harassment case.

10. On or about February 3, 2015, Defendant Towne, Defendant Hocking, and Defendant Bernabei traveled to Tampa, Florida, to investigate Mr. French's relationship to a witness in the telephone harassment case.

11. On or about February 5, 2015, Defendants Towne, Hocking, and Bernabei searched and seized Plaintiff Ajster's communications by eavesdropping and recording them without a warrant, Plaintiff's consent, or probable cause to do so. Prior thereto, the Defendants made an agreement to carry out this unlawful act and ultimately carried out their agreement through concrete steps to achieve their illicit purposes.

12. Through the unlawful eavesdropping and recording of Plaintiff's conversations, Defendants Towne, Hocking, and Bernabei learned of Plaintiff's plan to file lawsuits against Defendant Towne, the Peru Police Department, and the City of Peru, Illinois.

13. Plaintiff was unaware her statements were being recorded and monitored by Defendant Towne, Defendant Hocking, and Defendant Bernabei.

14. Mr. French was subsequently charged and prosecuted for witness intimidation. His bond was set at an unreasonably high level: $750,000.00.

15. On or about April 29th, 2015, Plaintiff filed a sworn affidavit in an effort to have Mr. French's bond reduced.

16. Thereafter, Plaintiff was conflicted off the case as a potential witness in Mr. French's criminal case.

17. After discontinuing her representation of Mr. French in the criminal case, Plaintiff began to publicly advocate against Defendant Towne, which included widespread oral and written speech as well as use of requests under the Illinois Freedom of Information Act to gather adverse political information against Defendant Towne.

18. In particular, Plaintiff worked to expose corruption with respect to Towne's operation of the State's Attorney's Felony Law Enforcement unit, also known as SAFE.

19. On or about June 29, 2017, the Illinois Supreme Court found that Towne's SAFE unit exceeded its statutory authority, and on or about September 5, 2017, a grand jury returned a 17-count indictment against Defendant Towne related to SAFE.

20. In the meantime, Plaintiff had carried out her plan to represent her client, Mr. French, in various civil actions against public officials.

21. In retaliation for Plaintiff's activities, which were all protected by the First Amendment, Defendant Towne caused Plaintiff to be charged with perjury on or about November 3, 2015. The charges against Plaintiff were born and initiated out of personal animus for Plaintiff and were based in significant part on the unlawfully obtained recording of Plaintiff's phone calls, which lacked probable cause.

22. Without Defendant Towne's personal animus and will to retaliate against Plaintiff's First Amendment activities, Plaintiff would never have been charged with any crime.

23. Defendant Towne procured the false and malicious charges against Plaintiff without probable cause by agreement with the prosecutor Dave Neal, over whom Defendant Towne wielded significant influence.

24. During the course of Plaintiff's criminal case, pursued for over 16 months, Defendant Towne became Dave Neal's co-worker at the State's Attorneys' Appellate Prosecutor's Office, and due to the conflict, the case was assigned to be prosecuted by the Grundy County State's Attorney, Jason Hellend.

25. On or about March 10, 2017, Jason Helland, Grundy County State's Attorney, moved to dismiss both counts of perjury against Plaintiff due to the absence of evidence supporting the charge of perjury.

26. Prior to and during the prosecution of Plaintiff, Defendants Bernabei and Hocking stood by and failed to intervene in the unlawful prosecution of Plaintiff despite knowing it was born solely of the personal animus of Defendant Towne and they had an opportunity to do so.

27. As a consequence of the misconduct described above, Plaintiff was injured, including but not limited to the seizure of her person during the criminal case, lost time, damage to her personal and professional reputation, damage to her client relationships, damage to her practice of law, attorneys' fees, emotional injuries, pain and suffering, embarrassment, humiliation, and other non-economic personal injuries.

## COUNT I: 42 U.S.C. § 1983 – Illegal Search and Seizure

### Against Individual Defendants

28. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

29. The searches and seizures of Plaintiff's telephone conversations by the Defendants, as detailed above, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

30. Defendant Towne worked as an agent of the police and in the capacity of a police officer and on their behalf in unlawfully searching and seizing Plaintiff's telephone conversation. Moreoever, the police department directly encouraged his misconduct. Finally, the police insinuated themselves into Defendant Towne's actions so far as to make Defendant Towne a joint participant in the police investigation and related activities.

31. As a proximate result of the above-detailed actions of defendants, Plaintiff was injured, including the deprivation of her liberty and the taking of her property. In addition, the

violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Retaliatory Prosecution

**Against Individual Defendants**

32. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

33. Plaintiff filed lawsuits on behalf of her clients and engaged in public advocacy, oral and written, and made requests for information under the Illinois Freedom of Information Act, as more fully described throughout this Complaint, all of which is activity protected by the First Amendment.

34. In retaliation for this protected activity, the Defendants caused Plaintiff to be prosecuted with perjury despite knowing the charges lacked probable cause and despite knowing the charges arose out of personal animosity.

35. Defendants acted willfully and in conspiracy with each other to deprive Plaintiff of her constitutional rights in retaliation for protected activity.

36. Defendant Towne worked as an agent of the police and in the capacity of a police officer and on their behalf in unlawfully searching and seizing Plaintiff's telephone conversation. Moreoever, the police department directly encouraged his misconduct. Finally, the police insinuated themselves into Defendant Towne's actions so far as to make Defendant Towne a joint participant in the police investigation and related activities.

37. As a direct and proximate result of the malicious actions of Defendants, Plaintiff was injured, including but not limited to embarrassment, humiliation, the deprivation of her constitutional rights and her dignity, attorneys' fees, and emotional distress.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: Malicious Prosecution – Federal Claim

**Against Individual Defendants**

38. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

39. By the actions detailed above, Defendants knowingly caused false charges to be brought against Plaintiff without probable cause.

40. Plaintiff was seized during the course of the prosecution against her, between November 3, 2015, and March 10, 2017.

41. Defendant Towne worked as an agent of the police and in the capacity of a police officer and on their behalf in unlawfully searching and seizing Plaintiff's telephone conversation. Moreoever, the police department directly encouraged his misconduct. Finally, the police insinuated themselves into Defendant Towne's actions so far as to make Defendant Towne a joint participant in the police investigation and related activities.

42. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of her lost liberty, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Failure to Intervene

### Against Defendants Bernabei and Hocking

43. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.
44. By the actions detailed above, Defendants knowingly deprived plaintiff of her constitutional rights under the Fourth and First Amendments of the United States Constitution.
45. Defendants failed to intervene to prevent the issuance of the eavesdropping order without probable cause, despite knowing the order lacked probable cause and a reasonable opportunity to intervene to prevent it.
46. Defendants failed to intervene to prevent the criminal charges against Plaintiff, despite knowing the criminal charges lacked probable cause and a reasonable opportunity to prevent and/or discontinue the criminal charges.
47. As a proximate result of the above-detailed actions of defendants, Plaintiff was injured, including the deprivation of her liberty and the taking of her person and property. In addition, the violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V: Malicious Prosecution – State Claim

### Against Defendant Towne

48. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

49. By the actions detailed above, Defendant Towne caused Plaintiff to be charged with perjury.

50. By the actions detailed above, Defendant Towne knowingly sought to maliciously prosecute Plaintiff on false charges for which he knew there was no probable cause.

51. Defendants were motivated by personal animus in causing the perjury charges against Plaintiff.

52. By the actions detailed above, Defendant Towne knowingly and corruptly influenced prosecutors to seek perjury charges against Plaintiff without probable cause and with malice.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in her favor and against DEFENDANT TOWNE and award compensatory and punitive damages, costs, and attorney's fees.

## COUNT VI: Indemnification – State Claim

### Against Defendant City of Peru

55. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

56. The City of Peru employed Defendant Bernabei and Defendant Hocking at the time of their conduct that led to perjury charges against Plaintiff.

57. Plaintiff was injured by the conduct of Defendant Bernabei and Defendant Hocking.

58. By the actions detailed above, Defendant City of Peru authorized the conduct that led to Plaintiff's injuries.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in her favor and against DEFENDANT CITY OF PERU, in the event the Court enters Judgment against its employees.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

JULIE AJSTER

By:


\_\_\_/s Jared S. Kosoglad_____
One of Plaintiff's Attorneys

Jared S. Kosoglad
Jared S. Kosoglad, P.C.
223 W. Jackson, Suite 200
Chicago, IL 60606
T: 312-513-6000
E: jared@jaredlaw.com