# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JULIE AJSTER, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No. 18 C 854 |
| BRIAN TOWNE; CITY OF PERU; CHIEF BERNABEI; and SERGEANT HOCKING, | ) |
|        Defendants. | ) |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

Julie Ajster has sued former LaSalle County State's Attorney Brian Towne; Douglas Bernabei, chief of police of the City of Peru; Peru police detective sergeant Dennis Hocking; and the City of Peru. Ajster asserts claims under 42 U.S.C. § 1983 and Illinois law. The defendants have moved to dismiss Ajster's complaint for failure to state a claim.

In her complaint, Ajster, an attorney, alleges that she was representing a man named Danny French in a civil case. French was subsequently charged with telephone harassment of the attorney representing the other side in that case. Ajster began to represent French on the criminal charge. Ajster alleges that on February 3, 2015, Towne, Hocking, and Bernabei traveled to Florida to investigate French's relationship to a witness. On February 5, 2015, the defendants eavesdropped on Ajster's communications, allegedly without a warrant or probable cause. Through the eavesdropping, they learned of Ajster's plan to file lawsuits against Towne and the City

of Peru. French was then charged with witness intimidation. Ajster had to discontinue her representation due to a conflict of interest. But she continued to speak out about the case, "publicly advocat[ing] against Defendant Towne," Compl. ¶ 17, to expose claimed corruption in his office. Much later, in September 2017, a grand jury returned an indictment against Towne arising from the activities of the State's Attorney's Felony Law Enforcement unit. In the interim, Ajster filed civil suits on French's behalf against various public officials.

Ajster alleges that in retaliation for her activities—all of which, she alleges, were protected by the First Amendment—Towne caused her to be charged with perjury in November 2015. Ajster alleges that these charges were false and were "initiated out of personal animus for [Ajster] and were based on significant part on the unlawfully obtained recording of [Ajster's] phone calls, which lacked probable cause." *Id.* ¶ 1. She alleges that Towne procured the false charges "by agreement with the prosecutor Dave Neal, over whom Defendant Towne wielded significant influence." *Id.* ¶ 23. Later, because Towne became Neal's colleague at the State's Attorney's Appellate Prosecutor's Office, Neal was conflicted off the case, and it was assigned to a prosecutor from another county prosecutor's office. That prosecutor dropped the charges against Ajster, allegedly due to the lack of evidence to support them. Ajster alleges that in the interim, Bernabei and Hocking "stood by and failed to intervene in the unlawful prosecution of Plaintiff despite knowing it was born solely of the personal animus of Defendant Towne . . . ." *Id.* ¶ 26.

**1.     Count 1**

Count 1 is a Fourth Amendment claim against the individual defendants—Towne,

Bernabei, and Hocking—arising from the eavesdropping and recording of Ajster's telephone conversations. As defendants argue, the Fourth Amendment does not preclude overhearing and recording conversations when one party to the conversation consents. *See United States v. White*, 401 U.S. 745, 7549 (1971). Defendants say that another participant in the conversations in question, named King, consented to recording, and they cite an order entered by a state court judge authorizing the eavesdropping and recording. None of this, however—most importantly, the purported consent by King—is alleged in the complaint. The only way the Court could dismiss the case on this basis would be to go outside the complaint and engage in fact-finding, which is inappropriate on a motion to dismiss for failure to state a claim.

That said, the existence of a court order authorizing the eavesdropping almost certainly will entitle the defendants to qualified immunity on Count 1—unless, as Ajster seems to suggest in her response to the motion to dismiss, false representations were made to obtain the order.[1] But because the order is not properly before the Court at this point, these are issues for another day. Defendants should consider asserting this defense by way of a motion for judgment on the pleadings—which will require them to answer the remaining claims in the complaint, assert qualified immunity in their answers, and cite in and attach to their answers the state court eavesdropping order.

Defendants also contend that Count 1 is time-barred. They concede, however, that the statute of limitations started to run not simply when Ajster became aware that

---

[1] Ajster makes no such allegations in her complaint, however. If she has an appropriate basis to make such allegations, she may wish to consider seeking leave to amend her complaint to include them—if defendants take up the Court's invitation to file a motion for judgment on the pleadings after they assert qualified immunity in, and attach the state court order to, their answers, only what is alleged in the pleadings will matter.

3

her conversations had been overheard or recorded, but when she had a basis to believe that her rights had been violated. That date is not established by the complaint—which is why limitations arguments are typically not a proper basis for dismissal for failure to state a claim. *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). A plaintiff is not required to "plead around" potential affirmative defenses, so her failure to do so does not subject his complaint to dismissal. *Id.* Dismissal under Rule 12(b)(6) may be appropriate if the complaint sets forth facts that establish the affirmative defense, *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005), but that is not the case here. In any event, defendants' citation of other materials outside the complaint—a notification of the eavesdropping, and the state court indictment against Ajster—is not sufficient without more to fix the date Ajster's Fourth Amendment claim accrued, even if those materials properly could be considered on a Rule 12(b)(6) motion.

**2.     Count 2**

Count 2 is a claim that the state criminal prosecution against Ajster was initiated in retaliation for her exercise of her First Amendment rights. This claim is time-barred. All parties agree that a two-year statute of limitations applies. The complaint, which was filed on February 1, 2018, alleges that the state charges against Ajster were filed more than two years earlier, on November 3, 2015. The Seventh Circuit has squarely held that a claim for retaliatory prosecution in violation of the First Amendment accrues when the charge is instituted, not when it is dismissed or a resulting conviction is overturned. *See Gekas v. Vasiliades*, 814 F.3d 890, 895 (7th Cir. 2016). The Court dismisses Count 2 for this reason and thus need not address the defendants' other arguments for dismissal.

### 3. Count 3

Count 3 is a claim against defendants Towne, Bernabei, and Hocking for malicious prosecution under 42 U.S.C. § 1983. Ajster alleges that the defendants "knowingly caused false charges to be brought against plaintiff without probable cause" and that she was seized within the meaning of the Fourth Amendment as a result. Compl. ¶¶ 39-40. The defendants argue that there is no such thing as a malicious prosecution claim under section 1983. Although the Seventh Circuit has so held in the past, Ajster contends that the Supreme Court's decision in *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017), changes things. Post-*Manuel*, the Seventh Circuit has concluded (as it had in the past) that a plaintiff may pursue a claim for deprivation of liberty based on manufactured evidence, including false police reports. *See Hurt v. Wise*, 880 F.3d 831, 843 (7th Cir. 2018). Ajster does not allege, however, that the charges against her were based on any false or manufactured evidence. Rather, she cites improper animus—specifically her public statements critical of Towne—and the allegedly unlawful eavesdropping. Her allegations are insufficient to state a claim for violation of due process (as opposed to claims under the First and Fourth Amendments, which Ajster asserts separately). The Court dismisses Count 3.

### 4. Count 4

Count 4 is a claim against defendants Bernabei and Hocking, both Peru police officers, for failure to intervene in the violations of Ajster's rights alleged in Counts 1, 2, and 3. These claims require an underlying constitutional violation, so Count 4 is dismissed to the extent it is predicated on Count 3. And to the extent Count 4 is predicated on Count 2, it is time-barred just as Count 2 is. Count 4 thus remains only to

the extent it is predicated on the Fourth Amendment violations alleged in Count 1.

**5.      Count 5**

Count 5 is a state law malicious prosecution claim against Towne. Defendants argue that probable cause existed, but that cannot be determined based on the complaint alone, which is all the Court can properly consider at this point. Defendants' reliance on a grand jury's return of an indictment is misplaced on a Rule 12(b)(6) motion, as they concede the indictment is not conclusive if Towne did not have an honest belief in the validity of the charges. Ajster has sufficiently alleged this; she squarely alleges that Towne knew that probable cause was lacking but nonetheless caused her to be prosecuted out of personal animus due to her advocacy against him.

Towne also seeks dismissal of Count 5 based on the doctrine of prosecutorial immunity. He contends that, similar to prosecutorial immunity under 42 U.S.C. § 1983, Illinois law follows a functional approach to prosecutorial immunity, protecting prosecutors from liability from civil claims based on their prosecutorial functions. *See, e.g., Frank v. Garnati*, 2013 IL App (5th) 120321, ¶¶ 13-18, 989 N.E.2d 319, 322-23; *White v. City of Chicago*, 369 Ill. App. 3d 765, 769-70, 861 N.E.2d 1083, 1088 (2006). *See generally Fields v. Wharrie*, 740 F.3d 1107, 1114-15 (7th Cir. 2014). What is unclear at this point is whether Towne's claimed liability in this case is based on his exercise of a prosecutorial function. Ajster alleges that Towne participated in investigatory conduct, *see* Compl. ¶¶ 10-11, and she also alleges that Towne importuned a prosecutor in a different office to institute false charges, *see id.* ¶ 23, based on his desire to retaliate against Ajster. At this point the Court cannot say that the conduct attributed to Towne falls on the prosecutorial-function side of the line.

Thus the Court cannot appropriately dismiss the state malicious prosecution claim under Rule 12(b)(6) based on absolute prosecutorial immunity.

**Conclusion**

For the reasons stated above, the Court dismisses Counts 2 and 3 of plaintiff's complaint but otherwise denies defendants' motions to dismiss [dkt. nos. 22 & 24]. Defendants are directed to answer the remaining claims by no later than August 2, 2018. The case remains set for a status hearing this morning at 9:15 a.m.

Date: July 19, 2018

_____
MATTHEW F. KENNELLY
United States District Judge