## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JULIE AJSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 18-cv-854 |
| | ) | |
| BRIAN TOWNE, the CITY OF PERU, | ) | |
| CHIEF BERNABEI and DETECTIVE | ) | Honorable Matthew F. Kennelly |
| SERGEANT HOCKING, | ) | |
| | ) | Magistrate Judge Mary M. Rowland |
| Defendants. | ) | |

## DEFENDANTS' CITY OF PERU, CHIEF BERNABEI AND DETECTIVE SERGEANT HOCKING'S MOTION FOR JUDGEMENT ON THE PLEADINGS

NOW COME, the Defendants' CITY OF PERU, CHIEF BERNABEI and DETECTIVE SERGEANT HOCKING, by and through their attorneys, PETERSON, JOHNSON & MURRAY-CHICAGO, LLC and for their Motion for Judgement on the Pleadings Complaint pursuant to Fed. R. Civ. P. 12(c), state as follows:

### STATEMENT OF FACTS

Plaintiff represented Mr. Danny French in a civil proceeding. (Dkt. No. 1, ¶ 8). Subsequently, Mr. French was charged with criminal telephone harassment involving the opposing civil attorney involved in the civil proceeding, and Plaintiff entered her appearance as Mr. French's criminal defense attorney. (Dkt. No. 1, ¶ 9). Thereafter, City of Peru Police Chief Bernabei and Detective Sergeant Hocking accompanied LaSalle County's State's Attorney Brian Towne ("Towne") to Tampa, Florida to investigate Mr. French's relationship to a witness in the telephone harassment case. (Dkt. No. 1, ¶ 10). During the investigation, the police recorded Mr. French's conversations, including a conversation with Plaintiff. (Dkt. No. 1, ¶ 11).

As set forth in the Defendants' Corrected Answer and Affirmative Defenses, there exist two petitions seeking an "order authorizing use of an eavesdropping device". (Dkt. No. 42, Defendants Corrected Answer and Affirmative Defenses, Affirmative Defense Number 1, ¶ 1). Each Petition notes that Defendant Hocking is the petitioner and are identical to one another. (*Id.*). However, one is signed by Defendant Hocking where appropriate and the second is signed by LaSalle County Circuit Court Judge Bute ("Judge Brute"), where appropriate. (*Id.; see* also Dkt. No. 42, Defendants Corrected Answer and Affirmative Defenses, Exhibit Numbers 1 and 2). In addition to the aforementioned Petitions, State's Attorney Towne, executed a "State's Attorney's authorization for a Petition and Order approving the use of an eavesdropping device". (Dkt. No. 42, ¶ 2, Exhibit 3).

On February 4, 2015 Judge Bute interviewed both Sergeant Hocking, Towne and Brett King, who consented to his telephone calls being recorded, via Skype. This Skype was also witnessed by Hillsborough County Sheriff's Department Detective, George Grimes. (Dkt. No. 2, ¶ 3). Thereafter, on February 4, 2015, Judge Bute granted the previously filed Petition for Order Authorizing Use of an Eavesdropping Device and entered the appropriate Order. (Dkt. No. 42, ¶ 4, Exhibit 4). The Order from Judge Bute authorized Detective Sergeant Hocking and/or designated agents of the Peru Police Department the use of an eavesdropping device "for the purpose of overhearing and/or recording a conversation or conversations which are going to occur between February 4, 2015 to March 1, 2015 to which Mr. King, a consenting person and Danny French, and any unnamed co-conspirators will be parties to". (Dkt. No. 42, ¶ 5, Exhibit 4).

On February 1, 2018, Plaintiff filed the present lawsuit against Towne, the City of Peru, Chief Bernabei and Detective Sergeant Hocking. As to Chief Bernabei and Detective Sergeant Hocking, Plaintiff alleges a claim of illegal search and seizure (Count I), retaliatory prosecution

(Count II), Federal Malicious Prosecution (Count III) and Failure to Intervene (Count IV). The City of Peru, is named solely on the basis of indemnification (Count VI). Thereafter, on July 29, 2018, this Honorable Court entered an Order granting in part and denying in part, these Defendants' Motion to Dismiss. (Dkt. No. 36). To that end, the Court dismissed Counts II and III. *Id.* Count I survived the Motion to Dismiss as did Count IV, but only to the extent that the failure to intervene was predicated on Count I's purported illegal search and seizure of the above-described telephone call. (*Id.*, pp. 5-6).

## LEGAL STANDARDS

"[C]ourts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.' Thus, to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998), (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.,* 12 F.3d 686, 688 (7th Cir.1993)). The court will view the facts in the light most favorable to the nonmoving party. *GA TX Leasing Corp. v. Nat'l Union Fire Ins. Co.,* 64 F.3d 1112, 1114 (7th Cir.1995). However, the court is not required to assign any weight to unsupported conclusions of law. *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir.1989). When deciding on a Rule 12(c) motion, the Court may make its determination based on the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ.P. 10(c); see also, *Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998) ("A copy of the written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## ARGUMENT

I.  **Defendants Bernabei and Hocking Are Entitled to Qualified Immunity**

Based on the facts presented in the pleadings, Detective Sergeant Hocking and Chief Bernabei are entitled to qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). Although qualified immunity is an affirmative defense, the plaintiff has the burden of defeating it once the defendants raise it. *Rabin v. Flynn*, 725 F.3d 628, 632 (7th Cir. 2013). To do so, the plaintiff must show (1) that the defendant violated a constitutional right, when construing the facts in the light most favorable to the plaintiff, and (2) that the right was clearly established at the time of the alleged violation, such that it would have been clear to a reasonable actor that her conduct was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). A failure to show either is fatal for the plaintiff's case, and the Court may begin (and possibly end) with either inquiry. *Id.* at 236.

Searches undertaken pursuant to valid search warrants are presumptively valid, see *Franks v. Delaware*, 438 U.S. 154, 171 (1978), and even flawed warrants can help to demonstrate good faith on the part of the officers, see *United States v. Leon*, 468 U.S. 897 (1984). In order to be valid, a search warrant must: (1) be issued by a neutral and disinterested magistrate; (2) establish probable cause that the evidence sought in the warrant will aid in obtaining a conviction of a particular offense; and (3) describe with particularity the things to be seized and the place to be searched. *Dalia v. United States*, 441 U.S. 238, 255 (1979). Even if one of those elements is missing, an officer is still entitled to qualified immunity if he is acting pursuant to a warrant that was authorized by a judge, and his actions are reasonable. *Leon*, 468 U.S. at 920–21; *Malley v.*

4

*Briggs*, 475 U.S. 335, 344–45 (1986). Only when an officer seeks or obtains a warrant "so lacking in indicia of probable cause as to render ... belief in its existence unreasonable," may the officer face liability for damages. *Malley*, 475 U.S. at 344–45.

As set forth in the Defendants' Corrected Answer and Affirmative Defenses, there exist two petitions for "order authorizing use of an eavesdropping device". (Dkt. No. 42, Affirmative Defense Number 1, ¶ 1). Each Petition notes that Detective Sergeant Hocking is the petitioner and are identical to one another with one being signed by Defendant Hocking where appropriate and the second is signed by LaSalle County Circuit Court Judge Bute, where appropriate. (*Id.; see also* Dkt. No. 42, Exhibit Numbers 1 and 2). Each Petition sets forth the basis for the warrant including, with particularity, the information sought, and that said information would aide in furthering the prosecution of Circuit Court of LaSalle County Case Number 2014 CF 528, involving Plaintiff's fiancé. (Dkt. No. 42, Exhibit Numbers 1 and 2). In addition to the aforementioned Petitions, State's Attorney Towne, executed a "State's Attorney's authorization for a Petition and Order approving the use of an eavesdropping device". (Dkt. No. 42, ¶ 2, Exhibit 3).

As set forth in the Defendants' Corrected Answer and Affirmative Defenses, on February 4, 2015 Judge Bute interviewed both Detective Sergeant Hocking, State's Attorney Towne and Brett King, who consented to his telephone calls being recorded. (Dkt. No. 2, ¶ 3). Thereafter, Judge Bute granted the previously filed Petition for Order Authorizing Use of an Eavesdropping Device and entered the appropriate Order allowing for the use of the subject eavesdropping device and the recording of telephone conversations to which Mr. King, a consenting person and Danny French, and any unnamed co-conspirators will be parties to". Mr. French's telephone calls and any inv. (Dkt. No. 42, ¶¶ 4-5, Exhibit 4).

5

Based on the aforementioned facts, as set forth in the pleadings, Defendants clearly satsified that the three factors for a valid search warrant as set forth in *Dalia v. United States*, 441 U.S. 238, 255 (1979). In addition, nowhere within the Plaintiff's Complaint is it alleged that either Defendants Bernabei or Hocking made any false statements to obtain the search warrant. (Dkt. No. 1; Dkt. 36, p. 3) Similarly, Plaintiff's Complaint does not allege that the Petitions upon Judge Bute relied were lack any indicia of probable cause. In short, there are no allegations nor reasonable inferences to be drawn from the allegations that Defendants, Bernabei and Hocking, had no reason to believe that acting pursuant to a warrant that was authorized by a judge and further supported by the State's Attorney were anything but proper and reasonable. As such, Defendants Hocking and Bernabei are entitled to qualified immunity as there are no set of facts before this Court that would support Plaintiff's claim for relief against them thereby requiring the dismissal of Counts I and IV against them.

## II. Plaintiff's Claims for Indemnification Fail.

With the above-mentioned arguments, Plaintiff's claims against the individual Defendants, Bernabei and Hocking fail. Therefore, there is nothing or no one for the City to indemnity required, therefore Count VI must be dismissed.

WHEREFORE, for the above and foregoing reasons, Defendants, DENNIS HOCKING, DOUGLAS BERNABEI and THE CITY OF PERU respectfully requests that this Court enter an Order granting their Motion to Dismiss Plaintiff's Complaint and for any further relief this Court deems reasonable and just.

Respectfully submitted,

Dennis Hocking, Douglas Bernabei
and City of Peru

By: /s/ *Kevin M. Casey*
One of the Attorneys for Defendants

Kevin M. Casey (6282635)
Peterson, Johnson & Murray-Chicago, LLC
200 West Adams, Suite 2125
Chicago, Illinois 60606
(312) 724-8024
(312) 896-9318 - fax
kcasey@pjmchicago.com